Appellant, in the state court, requested that his counsel, a Public Defender, be relieved from the case and that he be allowed to represent himself. His sole contention on appeal is that the state court erred in denying his request.

Pursuant to questioning, the state trial judge ascertained appellant did not know the elements of the offense with which he was charged, to wit burglary. The judge then denied his request to represent himself.

A prerequisite to allowing a defendant to represent himself in a criminal proceeding, is that the defendant must understand the charges against him. Hodge v. United States (9 Cir. 1969) 414 F.2d 1040, 1043. The defendant understood only that he was charged with burglary. It is clear he was not competent to represent himself.

Affirmed.

James E. Yates, III, Savannah, Ga. (Court Appointed), for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., Lamar C. Walter, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

UNITED STATES of America, Plaintiff-Appellee,

v.

William James BECKER, Defendant-Appellant.

No. 71–1857

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1971.

Paul HUNTER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 31075

Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

---

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

\*\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir., 1970, 431 F.2d 409, Part I.